IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 19, 2022 Session

## GAYLE ARLENE GREEN MATLOCK v. MARK STEVEN MATLOCK

**Appeal from the Chancery Court for Loudon County**
**No. 11312     Frank V. Williams, III, Chancellor**

_____

**No. E2022-00041-COA-R3-CV**

_____

In this post-divorce action, the trial court granted a motion to enforce provisions of a marital dissolution agreement and for relief following a bench trial. Upon our finding that the trial court failed to make sufficient findings of fact and conclusions of law, we vacate the trial court's judgment and remand for compliance with Tenn. R. Civ. P. 52.01.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Jerrold L. Becker, Knoxville, Tennessee, for the appellant, Mark Steven Matlock.

Cecilia S. Petersen, Knoxville, Tennessee, for the appellee, Gayle Arlene Green Matlock.

**MEMORANDUM OPINION[1]**

---

[1] Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

Mark Steven Matlock ("Husband") and Gayle Arlene Green Matlock ("Wife") divorced in May 2009. Husband is a general contractor and developer. As part of the divorce proceedings in the Loudon County Chancery Court ("Trial Court"), the parties entered into a marital dissolution agreement ("MDA") in May 2009, agreeing to an equitable division of the parties' marital property, including the parties' marital residence and a piece of unimproved property located at Miller's Landing ("the Miller's Landing Property"). The MDA provided, *inter alia*, that Wife was to be awarded the marital residence, and as part of that award, Husband was required to pay Wife $50,000 on the day the MDA was executed. Additionally, Wife was to be awarded the Miller's Landing Property, and "Husband shall be responsible for and pay any and all indebtedness owed on said property including, but not limited to, any mortgages, principal and interest, insurance, taxes, utilities, maintenance and repairs, and the like . . . ." According to the MDA, Husband was to finish the boat dock located on the Miller's Landing Property, Wife was to place the property on the market to sell, Husband was to assist Wife with the sale of the property, and Wife was to pay Husband $150,000 from the sale proceeds for the improvements he made to the property. The MDA also provided for an award of attorney's fees and litigation expenses should any party find it necessary to enforce any provision of the MDA or defend against unsubstantiated claims regarding it. The Trial Court entered an order in May 2009, approving the MDA in its entirety.

Following approval of the MDA, Husband did not pay Wife the $50,000 that he agreed to pay toward the marital home. According to Husband, he and Wife had orally agreed that Wife would take the $50,000 from Husband's portion from the sale of the Miller's Landing Property. Wife does not dispute this on appeal. Wife testified that she sent Husband a letter in August 2010 requesting some interest from him on the unpaid $50,000. Additionally, Wife paid the property taxes on the Miller's Landing Property. She acknowledged that she had not provided the tax bills to Husband because she was not aware initially that he was obligated to pay the taxes on the property. The Miller's Landing Property was sold in December 2017, and in February 2018, Wife gave Husband a check for his portion of the sale, deducting the monies that she alleged Husband owed to her. From Husband's $150,000 portion from the sale of the Miller's Landing Property, Wife deducted the mortgage payoff of $41,151.41 for the Miller's Landing Property that had not been refinanced; the property taxes for the Miller's Landing Property in the amount of $20,192; and the $50,000 award that Husband was required to pay pursuant to the MDA.[2]

In March 2019, Husband filed a Tenn. R. Civ. P. 60 motion, seeking to modify the provision regarding the Miller's Landing Property due to a typographical error in the MDA

---

[2] Initially, Wife also withheld $6,000 that she alleged Husband had agreed to pay toward their daughter's wedding. However, Wife had since repaid him the money after Husband objected to the expense.

to reflect that Wife is responsible for the taxes on the Property.[3]  Wife filed an affirmative defense to his motion, stating that the motion was untimely.

While Husband's Rule 60 motion was pending, Wife filed a motion to enforce the MDA and for relief in August 2021, seeking a judgment against Husband for $47,900 and an award of attorney's fees pursuant to the MDA.  According to Wife, Husband had not paid taxes on the Miller's Landing Property, which totaled $20,192.  Additionally, Wife alleged that Husband had failed to pay $50,000 to her concerning the marital residence as required by the MDA, which had become an order of the court.  Although she had previously withheld these amounts after the sale of the Miller's Landing Property, Wife requested pre-judgment interest for these amounts, pursuant to Tenn. Code Ann. § 47-14-123, totaling $47,900.[4]

Husband filed a response to Wife's motion again arguing that a typographical error is responsible for the MDA stating it was his obligation to pay taxes on the Miller's Landing Property.  Husband further stated that Wife's delay in making her claim for taxes not only deprived him of an opportunity to appeal any tax increase, but also went against her argument that she understood the taxes were Husband's obligation.  Alternatively, he argued that he was only responsible for the taxes presently "owed" at the time of the MDA, not future taxes.  Regarding paying Wife $50,000, Husband stated that he had not failed to act but that paying the money to Wife was an impossibility in 2009.  According to Husband, Wife was aware of the circumstances and had "consented to the manner in which [Husband] handled the issue" until she filed her motion to enforce the MDA and for relief.  Husband argued that requiring Husband to pay $40,000 interest on the $50,000 judgment and $7,900 on the past taxes would be inequitable.

The Trial Court conducted an evidentiary hearing in December 2021, during which both Husband and Wife testified.  The Trial Court orally ruled on the motions at the conclusion of trial.  The Trial Court entered an order in January 2022, dismissing Husband's Rule 60 motion and partially granting Wife's motion to enforce the MDA and for relief.  The Trial Court did not adopt its oral findings made at the conclusion of trial and made no further findings of fact in its judgment.  The Trial Court awarded Wife interest on the $50,000 award required by the MDA at a rate of "2% instead of the requested 10%," which totaled $8,000 of interest.  The Trial Court did not classify the interest award for the unpaid $50,000 as either pre-judgment or post-judgment interest in either its written order or oral ruling.  The Trial Court further awarded Wife interest on $20,192 that she had paid on property taxes for the Miller's Landing Property "but at 2% instead of the requested 10% interest," which totaled $1,580.08.  The Trial Court further awarded Wife an award

---

[3] Husband's Rule 60 motion is not at issue during this appeal.

[4] Although Wife's motion requested pre-judgment interest for both the unpaid taxes and $50,000 award, Wife classifies on appeal the interest for the $50,000 award as post-judgment interest.

of attorney's fees incurred during the Trial Court proceeding, pursuant to the MDA. Husband timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Husband raises the following issues on appeal: (1) whether the Trial Court erred by finding that the parties' MDA provides that Husband will continue paying future property taxes on the Miller's Landing Property until sold and awarding a judgment to Wife for reimbursement of property taxes she paid since the agreement; (2) whether the Trial Court erred by awarding pre-judgment interest for the reimbursement of property taxes; (3) whether the Trial Court erred in awarding Wife pre-judgment interest on the $50,000 Husband was to pay Wife in the MDA; and (4) whether the Trial Court erred by awarding Wife her attorney's fees. Wife also raised the following issues on appeal, which we have restated slightly: (1) whether the Trial Court erred by denying Husband's Tenn. R. Civ. P. 60 motion; (2) whether the Trial Court improperly calculated post-judgment interest on the $50,000 as pre-judgment interest; and (3) whether Wife is entitled to an award of attorney's fees on appeal. During oral argument, Husband's attorney stated that Husband was not appealing any issue related to the denial of Husband's Rule 60 motion, only the granting of Wife's motion to enforce the MDA and for relief. Therefore, we will not address the Trial Court's denial of Husband's Rule 60 motion.

Our ability to address the issues raised by the parties is severely hampered by the Trial Court's failure to make sufficient findings of fact in its judgment. Tenn. R. Civ. P. 52.01 requires that, in all bench trials, the trial court ***shall*** make findings of fact and separate conclusions of law with entry of its judgment sufficient to support its decision. Our Supreme Court has instructed that the requirement for trial courts to make findings of fact and conclusions of law serves three purposes: (1) facilitating appellate review of the trial court's action by providing the appellate court with a clear understanding of the basis on which the trial court's decision was reached, (2) defining exactly the issues being decided in the case for purposes of estoppel and *res judicata* and promoting confidence in the decision making of the trial court, and (3) evoking care by the trial court in ascertaining and applying the facts of the case. *Lovlace v. Copley*, 418 S.W.3d 1, 34-35 (Tenn. 2013) (internal citations omitted). There is no bright-line test for which to evaluate the sufficiency of a trial court's findings of fact; however, "'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Id.* at 35 (quoting 9C *Federal Practice and Procedure* § 2579, at 328).

Following the bench trial, the Trial Court entered an order dismissing Husband's Rule 60 motion and finding that Wife's motion to enforce the MDA and for relief was "partially well taken." The written order contains no findings of fact to support its judgment. The Trial Court's final order does not incorporate its oral findings. When a trial court's findings of fact are insufficient to comply with Tenn. R. Civ. P. 52.01, the appellate

court may either remand the action for the trial court to make sufficient findings of fact, or if the case involves a clear legal issue or the trial court's decision is readily ascertainable, the appellate court may attempt to "soldier on" by conducting a de novo review of the evidence presented to the trial court in the underlying record to determine where the preponderance of the evidence lies. *See Lovlace*, 418 S.W.3d at 36; *Manning v. Manning*, 474 S.W.3d 252, 260 (Tenn. Ct. App. 2015) (quoting *Pandey v. Shrivastava,* No. W2012-00059-COA-R3-CV, 2013 WL 657799 (Tenn. Ct. App. Feb. 22, 2013) (other internal citations omitted)).

This Court has held that the requirement for a trial court to make findings of fact and conclusions of law is "not a mere technicality." *Manning*, 474 S.W.3d at 260. In its written order, the Trial Court merely orders that Wife's motion to enforce the MDA and for relief is partially granted and enters a judgment in her favor.[5] The Trial Court made no findings regarding the parties' respective compliance related to the MDA provisions at issue. Additionally, the Trial Court included an award of interest to Wife of two-percent on the $50,000 that was not timely paid by Husband but did not classify it as pre-judgment or post-judgment interest. Husband identifies this interest on appeal as pre-judgment interest while Wife argues on appeal it should be post-judgment interest. A determination of whether it is pre-judgment or post judgment interest is relevant to Husband's and Wife's respective issues concerning this interest award.

Although the Trial Court made its oral ruling at the conclusion of trial, it did not incorporate any findings of fact or conclusions of law into its written judgment. The Trial Court's failure to include any findings of fact or conclusions of law supporting its decision in its written judgment poses a problem. As we have stated, "[t]he law in Tennessee is well-settled that the court speaks through its order, not through the transcript, so appellate courts do not review the court's oral statements, unless incorporated in a decree." *Terry v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 572 S.W.3d 614, 629 (Tenn. Ct. App. 2018) (citation omitted). In *Terry*, this Court found that the trial court judge "clearly *did* incorporate his oral findings into his final order by reference." *Id.* at 629 (emphasis in original). Here, the Trial Court did not incorporate any findings or conclusions into its judgment. This is significant because the Trial Court's January 2022 written order is, on its own, insufficient to enable our appellate review.

Although we are permitted to "soldier on" at our discretion under certain circumstances, we do not find this an appropriate case to do so in the absence of sufficient findings of fact by the Trial Court. We, therefore, vacate the Trial Court's judgment due

---

[5] Even though the Trial Court's oral findings are of little use to us as they were not incorporated into its final order, we note that the Trial Court specifically addressed Husband's Rule 60 motion in its oral ruling; however, the Trial Court's ruling regarding that motion is not before this Court on appeal. We further note that Wife's motion to enforce the MDA and for relief was barely mentioned by the Trial Court at the conclusion of the bench trial which would make its oral findings of little help to us even if they had been incorporated by the final order.

to noncompliance with Tenn. R. Civ. P. 52.01 and remand these proceedings to the Trial Court to make sufficient findings of fact regarding the evidence presented during trial and to make conclusions of law based on those facts concerning Wife's motion to enforce the MDA and for relief. On remand, the Trial Court may rely on the evidence presented during the bench trial in December 2021 without requiring any further proof to be presented by the parties unless the Trial Court, in its discretion, decides to receive additional proof.[6]

## Conclusion

Based on the foregoing, this cause is vacated and remanded to the Trial Court for findings of fact and conclusions of law in compliance with Tenn. R. Civ. P. 52.01. The costs on appeal are assessed one-half to the appellant, Mark Steven Matlock, and his surety, if any, and one-half to the appellee, Gayle Arlene Green Matlock.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[6] We note that the original trial judge who heard this case has since retired during the pendency of this appeal, which makes it more likely that additional proof will be necessary to comply with Tenn. R. Civ. P. 52.01.